## NATHANIEL C. SANGER *vs.* CITY OF NEWTON.

Middlesex.   Jan. 16. — Feb. 10, 1883.   FIELD & W. ALLEN, JJ., absent.

A petition to the Superior Court, for the assessment of damages for injury done to the petitioner's mill by the taking by the respondent of the waters of a stream, may be amended, under the Pub. Sts. c. 167, §§ 41, 42, 85, so as to enable the petitioner to maintain his action for the cause for which it was intended to be brought, although a new petition would be barred by the statute of limitations.

PETITION to the Superior Court, filed December 23, 1879, alleging that the petitioner was the owner of a certain mill in Watertown, with the privilege and right, as appurtenant thereto, to draw and use the waters of Charles River to run the mill; that within three years last past the respondent had taken the waters of said river, as authorized by chapter 125 of the Acts of 1874, by the construction of dams, galleries and other works; and that the petitioner had thereby suffered damages in his property and water rights, and the respondent had not agreed with him on the damages to be paid therefor; and prayed that an assessment of his damages might be ordered by the court, "as provided by said chapter."

At a hearing in the Superior Court, before *Bacon*, J., on February 27, 1882, before asking to have commissioners appointed, the petitioner moved to amend his petition by inserting, after the word "mill," the words "and has owned said mill and privilege for more than three years last past, and the same is bounded and described as follows:" (then followed the description;) also by inserting, after the words "Acts of 1874," the words and figures "chapter 344 of the Acts and Resolves of 1872, chapter 326 of the Acts and Resolves of 1873, and chapter 54 of the Acts and Resolves of 1876," also by adding the letter "s" to the word "chapter," at the end of the petition.

The petitioner relied upon the statutes which he desired to insert by his amendments, and proposed to show that the St. of 1874 was inserted by mistake, and that he intended to apply under the other acts. The judge ruled, as matter of law, that he had no discretion in the matter of the amendments, and no power to allow the same; and, solely for that reason, denied the motion to amend. It appeared that the respondent had not acted under the St. of 1874, *c.* 125. The petitioner then moved for the appointment of commissioners on the petition as it stood without amendment; and asked the judge to rule that the words " chapter 125 of the Acts of 1874 " might be treated as surplusage or matter of description. But the judge refused so to rule ; ruled that the petition was insufficient, as matter of law, to justify the appointment of commissioners, or any further proceedings, and was so defective as to be incapable of amendment; and ordered it to be dismissed. The acts complained of were done so long ago that a new petition would be barred by the statutory limitation of three. years. The petitioner alleged exceptions.

*W. B. Durant*, for the petitioner.

*P. Thacher & W. S. Slocum*, for the respondent.

MORTON, C. J. Our statutes of amendment are very broad, and authorize the courts to allow amendments in any matter, " either of form or substance, in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or the defendant to make a legal defence." Pub. Sts. *c.* 167, §§ 41, 42, 85. It has been held that, under these provisions, amendments may be allowed by county commissioners to a petition for a jury for the assessment of damages caused by laying out a highway. *Grand Junction Railroad & Depot Co.* v. *County Commissioners*, 14 Gray, 553. *Winchester* v. *County Commissioners*, 114 Mass. 481.

The petition in the case at bar is a proceeding in the nature of a civil action, analogous to a petition for the assessment of highway damages, and comes within the spirit of the statutes of. amendments.

The fact that the three years within which an original petition could be filed have elapsed furnishes no ground for refusing

the amendment, but rather a reason why it should be allowed, as otherwise substantial justice will be defeated. *George* v. *Reed*, 101 Mass. 378.

The Superior Court rejected the amendments proposed by the petitioner, on the ground that it had "no power to allow the same, and solely for that reason." We are of opinion that this was an error; and that the court has power to allow the amendments proposed, or any other amendments necessary to enable the petitioner to maintain his action for the cause for which it was intended to be brought.         *Exceptions sustained.*