ANNIE McLAUGHLIN vs. WEST END STREET RAILWAY
COMPANY.

Suffolk.    November 16, 1903. — June 22, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Practice, Civil,* Amendment.    *Limitations, Statute of.*

Under R. L. c. 173, § 48, a plaintiff in an action of tort for personal injuries incurred
while a passenger on a car of a street railway company, the property of which
soon after was leased to and operated by another company, who has brought his
action against the operating company, may be allowed to amend his writ and
declaration by substituting the leasing company as defendant.

It is no ground for refusing to allow an amendment to a writ and declaration at
law by substituting one sole defendant for another, that if the amendment is not
allowed the action against the defendant to be substituted will be barred by the
statute of limitations, and this may be an additional reason for allowing such
an amendment where the original action was brought seasonably for the same
cause.

KNOWLTON, C. J.    The plaintiff was injured while a pas-
senger on a car of the West End Street Railway Company, and
brought a suit to recover for the injury.    In the meantime a
lease had been made to the Boston Elevated Railway Company,
which latter corporation assumed all obligations and liabilities
of the former corporation and began to operate the road, and
the suit was brought against this latter corporation.    The plain-
tiff was allowed to amend her writ by substituting the West
End Street Railway Company for the Boston Elevated Railway
Company as defendant, and the question submitted on the re-
port is whether the order allowing the amendment was within
the authority of the court.

The cause of action for which the suit was brought was the
injury, and the plaintiff intended to bring it against the party
liable for the injury.    Our statute is very liberal in allowing
any amendment " in matter of form or substance . . . which may
enable the plaintiff to sustain the action for the cause for which
it was intended to be brought."    R. L. c. 173, § 48.    " The
allowance by the court of an amendment shall be conclusive
evidence of the identity of the cause of action."    R. L. c. 173,
§ 121.    *Batchelder* v. *Pierce*, 170 Mass. 260, and cases cited.

*Driscoll* v. *Holt*, 170 Mass. 262.  An amendment may substitute ·one party for another.  *Winch* v. *Hosmer*, 122 Mass. 438. *Hutchinson* v. *Tucker*, 124 Mass. 240.  *Lewis* v. *Austin*, 144 Mass. 383.  The defendant contends that this rule should not go so far as to permit the substitution of one sole defendant for another sole defendant.  But this objection is covered by the decision in *Adams* v. *Weeks*, 174 Mass. 45, in which an amendment of this kind was held to have been rightly allowed.  We see no good reason why the rule should not be the same in reference to a change of the party defendant as to a change of the party plaintiff.

The defendant contends that such an amendment cannot be allowed, if, at the time of proposing it, the action would have been barred by the statute of limitations if no suit had been brought.  But the fact that a claim would be lost if an amendment was not allowed has often been considered an additional reason· for allowing one, if in other respects the case was within the rule permitting amendments.  *George* v. *Reed*, 101 Mass. 378.  *Sanger* v. *Newton*, 134 Mass. 308.  *Hutchinson* v. *Tucker*, 124 Mass. 240.  *Cogswell* v. *Hall*, 185 Mass. 455.  The new party, brought in as a defendant, is precluded from contending that the statute of limitations is a bar, by the fact that a suit was seasonably brought upon the cause of action.  By the bringing of the suit, the rights of the plaintiff were saved, and when the former proceeding is corrected by an amendment, it is as if the proceeding had been perfect in the beginning.

This case is not like *Smith* v. *Butler*, 176 Mass. 38, in which the cause of action against the new parties brought into the suit in equity was not included in the original suit at all, but only such cause of action as existed against the original parties.

*Case to stand for trial.*

*J. E. Young*, for the plaintiff.
*W. B. Farr*, for the defendant.