IDEAL FINANCING ASSOCIATION, INC. *vs.* WALLACE R. McPHAIL.

Suffolk. October 11, 1946. — December 4, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Practice, Civil,* Amendment, Writ, Parties.

Under G. L. (Ter. Ed.) c. 231, § 51, a court had power to amend a writ by inserting therein the name of a plaintiff by whom the action was intended to be brought although no name of a plaintiff was stated therein when it was served on the defendant and when it was entered in court.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 23, 1945.

The case was heard by *Zottoli,* J.

In this court the case was submitted on briefs.

*R. R. Sullivan, M. Goldstein, & G. A. Dean,* for the plaintiff.

*W. R. Bigelow,* for the defendant.

WILKINS, J. This is an action of contract on a judgment of the Municipal Court of the City of Boston in an action on a promissory note brought by the present plaintiff against the present defendant and two others. At the trial of the present action the evidence showed the following: The writ in the original action, commenced by trustee process, failed to name any plaintiff. It does not appear whether there was an omission of the name of the plaintiff in the copy served upon the defendants. See G. L. (Ter. Ed.) c. 246, § 5. The error in the writ may not have been repeated. *Moriarty* v. *King,* 317 Mass. 210, 215. Following the entry of the writ, which was returnable October 21, 1933, the court "after

proper notice by mail to the defendants" allowed a motion to amend the writ by inserting, as the name of the plaintiff, "Ideal Financing Association, Inc. a corporation duly organized by law and having an usual place of business in Boston." The defendants, "after proper notice" by mail, were defaulted for failure to appear and answer, and on March 23, 1934, that action went to "judgment against the defendants."

At the close of the evidence in the case at bar the defendant presented three requests for rulings: "1. The original writ, upon which the alleged judgment set forth in the plaintiff's declaration was based, did not set forth the name of any plaintiff, and was a nullity. 2. A writ which contains the name of no plaintiff, is a nullity. 3. A writ which contains the name of no plaintiff cannot be amended by inserting the name of a plaintiff, after the writ has been served on the defendant." The action of the judge on those requests was as follows: "1. Denied. I rule it could be amended on the facts of this case and was amended properly. 2. Denied. There was an existing party plaintiff whose name was accidentally left out of the body of the writ. 3. Denied." The judge found for the plaintiff. The Appellate Division dismissed the report, and the defendant appealed.

We pass by the question whether the defendant may challenge the validity of the judgment in this proceeding rather than by writ of error. G. L. (Ter. Ed.) c. 250, §§ 3–5. *Hendrick* v. *Whittemore*, 105 Mass. 23, 29–30. *Wood* v. *Payea*, 138 Mass. 61. *Fogel* v. *Dussault*, 141 Mass. 154. *Joyce* v. *Thompson*, 229 Mass. 106. *Bremner* v. *Hester*, 258 Mass. 425. *MacEachern* v. *S. S. White Dental Manuf. Co.* 304 Mass. 419. *Moriarty* v. *King*, 317 Mass. 210.

We thus come directly to the decisive question whether the court in the original action had power to allow the writ to be amended. It is provided in G. L. (Ter. Ed.) c. 231, § 51: "The court may . . . allow amendments introducing a necessary party . . . and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to

sustain the action for the cause for which it was intended to be brought." This statute has always been liberally construed. *Neszery* v. *Beard,* 226 Mass. 332, 333. *Maker* v. *Bouthier,* 242 Mass. 20, 23. *Medlinsky* v. *Premium Cut Beef Co.* 317 Mass. 25, 29. *Robinson* v. *Trustees of New York, New Haven & Hartford Railroad,* 318 Mass. 121, 123–124. Under it amendments have been allowed substituting one sole plaintiff for another (*Crafts* v. *Sikes,* 4 Gray, 194; *Winch* v. *Hosmer,* 122 Mass. 438; *Lewis* v. *Austin,* 144 Mass. 383; *Robinson* v. *Trustees of New York, New Haven & Hartford Railroad,* 318 Mass. 121) or one sole defendant for another. *Adams* v. *Weeks,* 174 Mass. 45. *McLaughlin* v. *West End Street Railway,* 186 Mass. 150. *Aetna Mills* v. *Director General of Railroads,* 242 Mass. 255. *Keegan* v. *Director General of Railroads,* 243 Mass. 96. *Johnson* v. *Carroll,* 272 Mass. 134, 136. *Shapiro* v. *McCarthy,* 279 Mass. 425, 429. *Chandler* v. *Dunlop,* 311 Mass. 1, 7. *Peterson* v. *Cadogan,* 313 Mass. 133, 134. The mere allowance of the amendment is conclusive as to the identity of the cause of action. *Shapiro* v. *McCarthy,* 279 Mass. 425, 428–429, and cases cited. *Ames* v. *Beal,* 284 Mass. 56, 61–62. *Bucholz* v. *Green Bros. Co.* 290 Mass. 350, 354.

The defendant, however, contends that the original writ was a nullity and was incapable of receiving the breath of life by amendment. He relies upon the decisions in *Brooks* v. *Boston & Northern Street Railway,* 211 Mass. 277, and *Chandler* v. *Dunlop,* 311 Mass. 1, but in each of them and in *Bateman* v. *Wood,* 297 Mass. 483, the action purported to be brought by or against a dead person. *Boudreau* v. *New England Transportation Co.* 315 Mass. 423, 427. *Robinson* v. *Trustees of New York, New Haven & Hartford Railroad,* 318 Mass. 121. Compare *Lewis* v. *Austin,* 144 Mass. 383. Those decisions do not aid the defendant. Here suit on an existing cause of action had been seasonably commenced against the defendant, who was served with process. Following the allowance of the amendment, which was "after proper notice," the plaintiff must be taken to be the one by whom as plaintiff the action was intended to be brought. On the date of the writ there was an existent

plaintiff. It is no objection that evidence to that effect was not introduced in the case at bar. The finding that there was a real plaintiff had been implied in the allowance of the amendment. This is not a case where no suit had been, or could be, brought by anybody. We think that under the broad powers conferred by G. L. (Ter. Ed.) c. 231, § 51, the judge could allow the amendment inserting the name of the plaintiff, which had been inadvertently omitted. Although an action of contract must have adversary parties, the writ was not a permanent nullity beyond remedy under § 51. There was no error in the denial of the defendant's requests.

*Order dismissing report affirmed.*