SCOTT BENGAR & another *vs.* CLARK EQUIPMENT COMPANY.

Middlesex.   December 11, 1986. — April 7, 1987.

Present: BROWN, QUIRICO, & WARNER, JJ.

*Practice, Civil,* Amendment, Complaint. *Rules of Civil Procedure.*

A party who seeks to amend a complaint after final judgment should first file a motion to alter, set aside, or vacate the judgment pursuant to Mass.R.Civ.P. 59(e) or 60(b). [42-44]

After the trial of a tort action, a judge did not abuse his discretion in allowing the plaintiffs' motion to amend their complaint where the plaintiffs, although they did not file motions to alter, set aside, or vacate the judgment under Mass.R.Civ.P. 59(e) or 60(b), did, within the time period provided by rule 59(e), file simultaneously with their motion to amend, a motion for a new trial on the ground that the verdict was against the weight of the evidence, and where the judge could properly have treated that motion as a request to vacate the judgment in order to permit the filing of the amended complaint. [44-46]

An amendment to the complaint in a civil action, which had the effect of adding a party and setting forth an additional cause of action arising out of the same conduct, transaction or occurrence as that set forth in the original complaint, related back under Mass.R.Civ.P. 15(c) to the date of the complaint and thus was not barred by the running of the applicable period of limitations. [46-47]

CIVIL ACTION commenced in the Superior Court Department on December 17, 1979.

The case was tried before *Samuel M. Flaksman,* J., sitting under statutory authority, and a postjudgment motion for leave to amend the complaint was allowed by him.

Leave to prosecute an interlocutory appeal was allowed by *Brown,* J.

*Daniel J. Gleason* for the defendant.

*Cynthia J. Cohen (James F. Meehan & Michael B. Bogdanow* with her) for the plaintiffs.

BROWN, J.   This appeal challenges the correctness of an order of a judge in the Superior Court allowing the plaintiffs'

motion to add, after judgment, Clark Equipment Company (Clark) as a party defendant pursuant to Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974).

The plaintiffs, Scott and Donna Bengar, initially sought recovery for injuries sustained on September 27, 1979, when a forklift operated by Scott toppled over, immediately after Scott had swerved in an attempt to avoid an automobile. The original complaint was brought in December, 1979, against the driver of the automobile and the driver's employer. Upon the asserted discovery that such forklifts had a propensity to topple over, the plaintiffs moved on October 31, 1984, to add Clark, the alleged manufacturer and seller of the forklift, as a defendant based upon theories of negligence and breach of warranty. This pretrial motion was eventually denied without opinion.[1] After a trial to a jury, a special verdict was returned for the original defendants and judgment was entered on March 29, 1985. On April 4, 1985, the plaintiffs simultaneously filed a motion for a new trial on the ground that the verdict was against the weight of the evidence as well as the now challenged motion to amend the complaint.[2] The trial judge denied the motion for a new trial and allowed the motion to amend.[3]

Clark, on September 17, 1985, filed a petition for review under G. L. c. 231, § 118, on the ground that after entry of a judgment dismissing the action on the merits, the Superior Court lacked authority, absent an order vacating the judgment, to allow a postjudgment motion to amend. Clark also argued that the allowance of the motion was an abuse of discretion. A single justice of the Appeals Court granted leave to file an interlocutory appeal. We find no error.

Plaintiffs' motion for leave to amend is a matter addressed to the discretion of the judge. *Shaw* v. *Siegel*, 13 Mass. App. Ct. 258, 263 (1982). See Mass.R.Civ.P. 15(a). Rule 15(a)

---

[1] The plaintiffs, of course, could have made the denial of that motion a ground in any appeal they might have taken.

[2] A new action initiated by the plaintiffs against Clark would have been barred by the statute of limitations.

[3] We are not asked to comment upon the plaintiffs' decision to proceed in this manner, rather than appealing the denial of their earlier motion to add Clark as a party defendant.

provides that leave to amend "shall be freely given when justice so requires." The express policy of the rule is in favor of allowing amendments and "a motion to amend should be allowed unless some good reason appears for denying it." *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. 288, 289 (1977). Reasons which might justify the denial of a motion to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman* v. *Davis*, 371 U.S. 178, 182 (1962), cited in *Castellucci* v. *United States Fid. & Guar. Co.*, 372 Mass. at 289-290.

Clark urges the court to adopt the Federal construction that a party may not seek leave to amend a complaint after final judgment without first filing a motion to alter, set aside, or vacate the judgment pursuant to Mass.R.Civ.P. 59 (e), 365 Mass. 828 (1974), or Mass.R.Civ.P. 60 (b), 365 Mass. 828 (1974). Most of the Federal courts have held that the filing of a postjudgment amendment cannot be allowed until the judgment is set aside or vacated under Fed.R.Civ.P. 59 or 60. 6 Wright & Miller, Federal Practice and Procedure § 1489, at 445 (1971).[4] See *Keene Lumber Co.* v. *Leventhal*, 165 F.2d 815, 823 (1st Cir. 1948); *Knox* v. *First Secur. Bank*, 206 F.2d 823, 826 (10th Cir. 1953); *Ondis* v. *Barrows*, 538 F.2d 904, 909 (1st Cir. 1976); *Car Carriers, Inc.* v. *Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir. 1984); *Cooper* v. *Shumway*, 780 F.2d 27, 29 (10th Cir. 1985); *Johnson* v. *Levy Organization Dev. Co.*, 789 F.2d 601, 611 (7th Cir. 1986). Contrast *Johnston* v. *Holiday Inns, Inc.*, 595 F.2d 890 (1st Cir. 1979); *Kaup* v. *Western Cas. & Sur. Co.*, 432 F. Supp. 922 (D. Mont. 1977); *Jones* v. *New York City Human Resources Admin.*, 539 F. Supp. 795 (S.D. N.Y. 1982); *Biglan* v. *Biglan*, 330 Pa. Super. 512 (1984).

---

[4] "The better view is that after a judgment of dismissal plaintiff must move under Rules 59 (e) or 60 (b) to reopen the judgment." 3 Moore's Federal Practice par. 15.10, at 15-107 (2d ed. 1985).

This construction reflects a compromise between the liberal amendment policy and that favoring the integrity of final judgments. *Ondis* v. *Barrows, supra*. Those courts have reasoned that until a motion to vacate a judgment is granted, there is nothing left to amend; i.e., no case or controversy pending before the court. *Johnson* v. *Levy Organization Dev. Co.*, 789 F.2d at 611 n.8. Once the requirements of rule 59 (e) or rule 60 (b) have been fulfilled, the liberal standard of rule 15 (a) would control. *Twohy* v. *First Natl. Bank*, 758 F.2d 1185, 1196 (7th Cir. 1985).

The adjudged construction given to the counterpart Federal rules is to be given to the Massachusetts rules absent compelling reasons to the contrary or significant differences in content. *Rollins Environmental Serv., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). See also *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Commn.*, 394 Mass. 233, 236 (1985). The relevant provision of rule 15 (a) is essentially identical to its Federal counterpart.[5] Federal rule 59 (e) reads exactly the same as Mass.R.Civ.P. 59 (e). The same is true for Fed.R.Civ.P. 60 (b) and Mass.R.Civ.P. 60 (b). However, Massachusetts practice regarding relation back of amendments, codified by Mass.R.Civ.P. 15 (c), 365 Mass. 762 (1974), is more liberal than the Federal practice, as will be seen below. Reporters' Notes to Mass.R.Civ.P. 15 (c), Mass. Ann. Laws, Rules of Civil Procedure at 171 (Law. Co-op. 1982). Despite the more liberal relation-back policy, considering the similarities in the content of rules 15 (a), 59 (e), and 60 (b), the interest in the finality of judgments supports requiring a party who seeks to amend after a final judgment first to file a motion to alter, set aside, or vacate the judgment pursuant to rule 59 (e) or rule 60 (b). Rule 15 (a) should not be construed to render the provisions of 59 (e) and 60 (b) meaningless. See 6 Wright & Miller § 1489.

The plaintiffs maintain that even if technically a rule 59 (e) or 60 (b) motion should have been brought, the filing of the

---

[5] A difference is that Mass.R.Civ.P. 15 (a) specifically limits the right of amendment "as a matter of course" to the situation where there has not been an order of dismissal. Smith & Zobel, Rules Practice § 15.13 (1974).

motion to amend within ten days of judgment, the time limitation set out in rule 59 (e), simultaneously with a rule 59 (a) motion for new trial should be considered in substance as questioning the correctness of the judgment and should be treated as a motion under rule 59 (e).[6] In the particular circumstances of this case, we agree.

Massachusetts courts have not elevated form over substance. See *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Commn.*, 394 Mass. 233, 235-237 (1985) (postjudgment motion to vacate filed within ten days of judgment seeking correction of error of law treated as a rule 59 [e] motion). Cf. *Ahern* v. *Warner*, 16 Mass. App. Ct. 223, 225 (1983). A correct result should not be overturned simply because a party has committed a procedural error in failing to caption properly its motion. *Spring* v. *Geriatric Authy. of Holyoke*, 394 Mass. 274, 290 (1985) (judge properly treated motion for new trial filed within ten days of entry of judgment, citing jury's unjustified contract award as one ground for relief, as a 59 [e] motion).

The trial judge properly could have treated the plaintiffs' motion as a request to vacate the judgment in order to permit the filing of the amended complaint where the motion was filed within ten days of judgment. *Chrysler Corp.* v. *Lakeside Commercial Fin. Corp.*, 66 F.R.D. 607 (E.D. Wis. 1975) (motion for leave to amend complaint filed within ten days of entry of judgment properly construed as essentially consisting of a motion to vacate judgment under rule 59 (e) "so as to do substantial justice" [at 608]). See *Vreeken* v. *Davis*, 718 F.2d 343, 345 (10th Cir. 1983) (motion to file a second amended complaint filed within ten days of the entry of judgment construed as motion to alter or amend the judgment pursuant to 59 [e] ). *Textor* v. *Board of Regents*, 711 F.2d 1387, 1390 (7th

---

[6] The plaintiffs' argument that the pre-rules definition of judgment should be applied is not persuasive, considering that the adoption of the rules brought a new and different definition of "judgment" and "final judgment" distinct from preexisting practice. Mass.R.Civ.P. 54 (a), 365 Mass. 820 (1974). See *Peak* v. *Massachusetts Bay Transp. Authy.*, 20 Mass. App. Ct. 726, 729 (1985).

Cir. 1983) (motion to reconsider the denial of leave to amend properly viewed as a rule 59 [e] motion).

Furthermore, we think that the allowance of the motion to amend was within the judge's broad discretion and consistent with the liberal trend which favors the allowance of amendments. See *Fortin Constr., Inc.* v. *Massachusetts Housing Fin. Agency*, 17 Mass. App. Ct. 911, 912 (1983). Cf. *Jones* v. *Wayland*, 380 Mass. 110, 115 (1980) (not abuse of discretion for trial judge to allow motion after rescript and remand). This was not a case of unexcused delay, as the plaintiffs had attempted, prior to trial, to add Clark and promptly moved, after final judgment, to amend when new evidence had come forth at trial. Cf. *Bullock* v. *Zeiders*, 12 Mass. App. Ct. 634, 637-638 (1981); *Libby* v. *Commissioner of Correction*, 385 Mass. 421, 428 (1982).

The defendant's contention that, because the statute of limitations has run, the amendment is futile must also fail. To the contrary, the action relates back under rule 15 (c) to the date of the original complaint. The fact that a new action would be barred by the statute of limitations is a reason to permit the amendment. *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 627 (1977).

Rule 15 (c) provides that an amendment will relate back whenever the claim asserted in the amended pleading "arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Massachusetts has an unusually liberal relation-back policy which is considerably more so than the Federal practice. *Ward* v. *Hercules*, 75 F.R.D. 455, 457 (D. Mass. 1977). The Massachusetts rule is that an amendment relates back where "the cause of action for which the suit was brought was the injury, and the plaintiff intended to bring it against the party liable for the injury." *Covel* v. *Safetech, Inc.*, 90 F.R.D. 427, 429 (D. Mass. 1981), citing *McLaughlin* v. *West End St. Ry.*, 186 Mass. 150 (1904). See also *Wadsworth* v. *Boston Gas Co.*, 352 Mass. 86, 89 (1967).

Despite the difference between the theory of the amended complaint and that of the original complaint, it is clear that the plaintiffs intended to bring an action against the party or

parties liable for the injuries they had sustained when the forklift toppled over. As the plaintiffs' products liability claim arose out of that same "occurrence", Clark thus may be considered a transaction-related defendant. See *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 333 (1982).

Furthermore, the judge's determination that the potential prejudice to Clark was of insufficient weight to prevent allowance of the motion was within the broad discretion afforded the judge who heard all the evidence.[7] *Cimino* v. *Milford Keg, Inc.*, 385 Mass. at 333. See also *McGrath* v. *Stanley*, 397 Mass. 775 (1986) (defendants in tort action not barred from seeking contribution from public entity against whom plaintiff's claims had been barred).

> *Order allowing amendment of*
> *complaint affirmed.*

---

[7] The judge noted that this was the second attempt to add Clark, speculating that the pretrial motion, brought on the eve of trial, was denied on the grounds of judicial economy.