SCOTT BENGAR & another[1] *vs*. CLARK EQUIPMENT COMPANY.

Middlesex.   October 8, 1987. — January 19, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Practice, Civil,* Amendment, Complaint. *Limitations, Statute of. Rules of Civil Procedure.*

It was error for a judge to allow a motion for leave to amend the complaint in a civil action, where the amendment would have added a party defendant after the running of the applicable statute of limitations and would have alleged against that defendant a theory of liability wholly different from the theory of liability stated in the original complaint. [556-559]

CIVIL ACTION commenced in the Superior Court Department on December 17, 1979.

The case was tried before *Samuel M. Flaksman*, J., sitting under statutory authority, and a postjudgment motion for leave to amend the complaint was allowed by him.

After interlocutory review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Martin C. Pentz* (*Daniel J. Gleason* with him) for the defendant.

*Cynthia J. Cohen* (*Michael B. Bogdanow* with her) for the plaintiffs.

WILKINS, J.   On September 27, 1979, the plaintiff Scott Bengar sustained personal injuries when the forklift vehicle (forklift) he was operating rolled over. In December, 1979, the plaintiffs commenced an action against both the owner and the operator of a motor vehicle alleging that the negligent operation of that vehicle caused Bengar to swerve the forklift in order to avoid a collision, which in turn caused the forklift to tip over. On March 29, 1985, a Middlesex County jury

---

[1] Donna Bengar, his wife, who alleged claims of loss of consortium.

returned a special verdict for the defendants, finding that the defendant operator of the motor vehicle was not negligent. A judgment for the defendants was immediately entered. Six days later the plaintiffs moved to add Clark Equipment Company (Clark), manufacturer of the forklift, as a party defendant. The trial judge allowed that motion in May, and on June 10, 1985, the plaintiffs filed an amended complaint against Clark alleging a product liability claim based on negligence and breach of warranty. Clark, which had no notice of the motion to add it as a defendant, unsuccessfully sought reconsideration of the allowance of that motion. A single justice of the Appeals Court then granted Clark leave to file an interlocutory appeal. The Appeals Court affirmed the order allowing the Bengars to add Clark as a defendant and to file an amended complaint. *Bengar v. Clark Equip. Co.*, 24 Mass. App. Ct. 41 (1987). We granted Clark further appellate review, and now we reverse the order allowing Clark to be added as a party.

The Appeals Court's opinion largely focuses on the question whether the complaint could properly be amended without first having an order vacating the judgment under either Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), or Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974). *Bengar, supra* at 43-46. After deciding that, in the circumstances, it was not necessary first to vacate the judgment, *id.* at 45, the Appeals Court considered briefly and rejected Clark's claim that the amendment should not have been allowed becaused the statute of limitations had run. *Id.* at 46-47. The Appeals Court rejected the claim on the ground that, under Mass. R. Civ. P. 15 (c), 365 Mass. 761 (1974),[2] the amendment related back to the date of the original complaint because the Bengars sought damages for the same injury in their amended (products liability) complaint as they did in their original (motor vehicle tort) complaint. *Id.* at 41-42.

---

[2] Rule 15 (c) states: "Relation Back of Amendments. Whenever the claim of defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading."

Massachusetts has long had a liberal policy allowing amendments which add or substitute parties after the statute of limitations has expired. See *Wadsworth* v. *Boston Gas Co.*, 352 Mass. 86, 88 (1967) ("the law in this Commonwealth with respect to amendments is more liberal than elsewhere"); *Ideal Fin. Ass'n* v. *McPhail*, 320 Mass. 521, 523 (1946); *Neszery* v. *Beard*, 226 Mass. 332, 333 (1917); *McLaughlin* v. *West End St. Ry.*, 186 Mass. 150, 150 (1904). See also Reporters' Notes to Mass. R. Civ. P. 15, Mass. Ann. Laws, Rules of Civil Procedure at 388-389 (1982), pointing out the more limited scope of Rule 15 of the Federal Rules of Civil Procedure. This court has treated various governing statutes as remedial and, therefore, has interpreted them liberally. See, e.g., *Ideal Fin. Ass'n* v. *McPhail, supra* at 522-523, interpreting G. L. (Ter. Ed.) c. 231, § 51; *Shapiro* v. *McCarthy*, 279 Mass. 425, 428 (1932), interpreting G. L. c. 231 §§ 51, 138; *Guarino* v. *Russo*, 215 Mass. 83, 85 (1913) ("this court has given a liberal construction to the statute allowing amendments. Such is its settled policy in interpreting and applying remedial statutes"); *McLaughlin* v. *West End St. Ry., supra*, interpreting R.L. c. 173, §§ 48, 121 (1902); *Ellis* v. *Ridgway*, 1 Allen 501, 502 (1861), interpreting Gen. Sts., c. 129, § 41 (1888).

Under Massachusetts's liberal amendment policy, the expiration of the period of the statute of limitations became a reason for allowing the addition or substitution of a new defendant, rather than a reason for not allowing the amendment. See *Wadsworth* v. *Boston Gas. Co., supra* at 88; *Johnson* v. *Carroll*, 272 Mass. 134, 138 (1930). Thus in various cases we approved the allowance of amendments adding new parties even after verdict. See, e.g., *Peterson* v. *Cadogan*, 313 Mass. 133 (1943) (new defendant added after verdict but before judgment); *Shapiro* v. *McCarthy*, 279 Mass. 425, 429 (1932) (new defendant substituted for original defendant after verdict); *Weiss* v. *Director Gen. of R.Rs.*, 250 Mass. 12, 13, 15-16 (1924) (amendment to add new defendant allowed after rescript).

Our cases have not, however, permitted an amendment to relate back to the date of the commencement of the action

when, as here, the amendment seeks to add a new defendant after the statute of limitations has run and to allege against that new defendant a theory of liability wholly different from the theory of liability of the original complaint. A proper reading of rule 15 (c) leads to the same result.

The amended complaint presented a product liability claim based on alleged defects in the design and manufacture of the forklift and its sale without adequate warnings. That claim did not arise, in the words of rule 15 (c), "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," which was a claim of negligent operation of a vehicle. There is an unfortunate dictum in *McLaughlin* v. *West End St. Ry.*, 186 Mass. 150, 150 (1904), suggesting that only the alleged injury (and not the claim) must arise out of the occurrence set forth in the original pleading, a dictum which appears to have guided the Appeals Court.[3] See *Bengar* v. *Clark Equip. Co.*, 24 Mass. App. Ct. at 46. A cause of action is not an injury, although, as to tortious negligence, an injury is a prerequisite to the existence of a cause of action.

We look to see whether an amendment would enable a plaintiff to maintain the action which he originally intended to bring.[4] Thus, in the *McLaughlin* case, the amendment substituted one railway company for another when the plaintiff discovered that the defendant originally named had taken over operation of the railway after the plaintiff's injury while a passenger on the railway.

The *McLaughlin* opinion, *supra* at 151, expressly notes and distinguishes *Smith* v. *Butler*, 176 Mass. 38 (1900), in which we held that, when a new cause of action was introduced by amendment after the statute of limitations had run, the statute

---

[3] The amendment relates back, the *McLaughlin* opinion says, where "[t]he cause of action for which the suit was brought was the injury, and the plaintiff intended to bring [the suit] against the party liable for the injury." *McLaughlin* v. *West End St. Ry.*, *supra.*

[4] This principle is now expressed in G. L. c. 231, § 51 (1986 ed.), which authorizes amendments "which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought."

barred claims against those defendants who were added at that time. This has been the consistent position of this court. See *Beckwith* v. *Massachusetts Turnpike Auth.*, 354 Mass. 766 (1968) ("It is obvious that the plaintiffs have attempted to substitute a new cause not intended when the tort action was begun"); *Boston Trust Funds, Inc.* v. *Henderson*, 341 Mass. 730, 731 (1960) ("An amendment setting out new causes of action could not rightly have been allowed"); *Herlihy* v. *Little*, 200 Mass. 284, 289 (1908) ("[t]he court has no power to allow an amendment . . . which will introduce a new cause of action not intended at the time the writ was sued out"); *Smith* v. *Butler, supra* at 42-43; *Silver* v. *Jordan*, 139 Mass. 280, 282 (1885) ("an amendment is not to be allowed for the purpose of enabling the action to be sustained in another person's name and upon a different cause of action"). These cases are to be contrasted with cases such as *Guardianship of Hurley*, 394 Mass. 554, 560 (1985) ("an amendment, which states an additional cause of action arising from the same underlying facts, is proper"), and *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 333 (1982) (plaintiff's motion adding a claim for emotional distress against the same defendant after the statute of limitations had run, where the original complaint was for wrongful death and for plaintiff's decedent's pain and suffering, was properly allowed where plaintiff's claim "arose out of the same underlying transaction").

Although we have granted deference to a trial judge's finding that there is an identity between two alleged causes of action, that deference is not warranted "where it plainly appears from the record as matter of law that the cause of action set forth in the amendment is to enable the plaintiff to maintain the bill for a new cause not intended when the writ was sued out." *Bowen* v. *Fairfield*, 260 Mass. 38, 41 (1927). Such is the case here. Our view that a motion to amend should be allowed unless some good reason for denying it applies here. See *Castellucci* v. *United States Fidelity & Guar. Co.*, 372 Mass. 288, 289 (1977). The expiration of the period of the statute of limitations on the plaintiffs'

product liability claim against Clark was a good reason which required the denial of the plaintiffs' motion to add Clark as a party.

*Order allowing amendment*
*of complaint reversed.*