Coven, J.
This is an action in tort to recover for personal injuries sustained by plaintiff Juana Cortes in the collapse of a seat she was occupying on a bus owned and operated by the defendant, and for the resulting loss of consortium suffered by her husband, plaintiff Americo Cortes.
The plaintiffs now appeal the court’s allowance of the defendant’s Dist./Mun. Cts. R. Civ. P., Rule 41(b) (2) motion to dismiss the loss of consortium claim on statute of limitation grounds.
The accidentfrom which this action arose occurred on March 19,1987. Acomplaint seeking damages for the negligence of defendant Massachusetts Bay Transportation Authority (“MBTA”) was filed on March 6,1989 on behalf of Juana Cortes only. The action was eventually scheduled for trial on July 25,1991 and later rescheduled, at the request of both parties, for September 24,1991.
On July 12,1991, over two years after the filing of the original complaint and over four years from the date of the accident, the plaintiff filed a Dist./Mun. Cts. R. Civ. P., Rules 15 and 21 motion to amend the original complaint by adding both her husband, Americo Cortes, as a party-plaintiff and a claim for his alleged loss of consortium. The plaintiff’s motion to amend was allowed on July 25,1991.[2]
At the close of the evidence at trial, the defendant filed a Dist./Mun. Cts. R. Civ. P., Rule 41 (b) (2) motion to dismiss plaintiff Americo Cortes’ claim for loss of consortium on the grounds that such claim accrued on March 19,1987, the G.L.c. 161A, § 21 statutory limitations period for bringing the claim expired on March 19,1989, and the claim was thus time-barred more than two years before the allowance of the plaintiffs motion to amend. The trial court allowed the defendant’s motion to dismiss, ruling that
the action of the court on July 25,1991 allowing the amendment adding Americo Cortes as Plaintiff did not and could not revive the claim as he is a separate and distinct new party-plaintiff with his own singular cause of action.
The court also entered judgment for plaintiff Juana Cortes in the amount of $25,000.00 plus interest and costs. The defendant has not appealed this judgment.
No question has been raised on this appeal as to the actionable nature of a claim for loss of consortium arising from the personal injuries suffered by a spouse in conse *60 quence of the negligence of a third party. Diaz v. Eli Lilly & Co., 364 Mass. 153, 167 (1973). It is equally undisputed that such claim for loss of consortium is independent of the damage claim of the injured spouse. Angelini v. OMD Corp., 410 Mass. 653, 658 n.6 (1991); Olson v. Bell Telephone Labs., Inc., 388 Mass. 171, 176 (1983); Feltch v. General Rental Co., 383 Mass. 603, 607 (1981); Lijoi v. Massachusetts Bay Transp. Auth., 28 Mass. App. Ct. 926, 928 n.2 (1990).
The defendant contends that the independent status of a loss of consortium claim requires an independent application of the statute of limitations to such claim, irrespective of whether the claim is brought in a separate action or is added to the existing complaint in an action for injuries to the claimant’s spouse. The trial court agreed, ruling that as Americo Cortes’ consortium claim was filed two years after the expiration of the statutory limitations period, it was barred and incapable of revival by addition to the timely filed complaint of plaintiff Juana Cortes. Support for the trial court’s ruling can be found in the following dicta set forth in Diaz v. Eli Lilly & Co., supra at 167 n.48:
It is also to be understood that any consortium claim which, independently considered, has been barred by limitations, will not be revived by attempted joinder in an action by the other spouse for the physical injuries which may itself have been timely instituted.
See also Olson v. Bell Telephone Labs., Inc., supra at 177; doCanto v. Ametek Inc., 367 Mass. 776, 787 n. 11 (1975). The court’s ruling is also consistentwith the 1988 holding of Bengar v. Clark Equip. Co., 401 Mass. 554 (1988) (Rule 15(c) does not permit a complaint amendment adding a new defendant against whom is alleged a claim which presents a “theory of liability wholly different from the theory of liability of the original complaint,” where the statute of limitations on the new claim had previously expired).
The Bengar decision and consistent language in Diaz and other cases were effectively overruled, however, by the 1988 amendment of G.L.c. 231, § 51 (St. 1988, c. 141, § 1). The statute now provides:
In all civil proceedings, the court may at any time, allow amendments adding a nartv. discontinuing as to aparty or changing the form of the action, and may allow anv other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause of recovery for the injury for which the action was intended to be brought, or enable the defendant to make alegal defense. Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the origi nal pleading [emphasis supplied].
Pursuant to this statute, the amendment of the original complaint herein under Rules 15 and 21 of the Dist/Mun. Cts. R. Civ. P. by the addition of Americo Cortes’ claim for loss of consortium resulted in the relation back of such claim to the timely filing of the complaint within the applicable Statute of Limitations.
Notwithstanding that [Americo Cortes, as party-plaintiff] with a separate cause of action might have been barred by the statute of limitations had [he] brought a separate action,... there was no abuse of discretion in allowing the amendment... where the claims of [both] plaintiffs arose out of the same incident.
Walsh v. Curcio, 358 Mass. 797 (1971). See also, Gill v. North Shore Radiological Assoc., *61 Inc., 385 Mass. 180, 183 (1982) (original complaint properly amended three years after filing to include new party-plaintiff asserting a loss of consortium claim for the first time).
As the original complaint in this case was properly amended by adding a new claim by Americo Cortes for loss of consortium, and as such new claim related back to the timely filing of the original complaintfor statute of limitations purposes, the defendant’s Rule 41 (b) motion to dismiss such claim as time-barred should not have been allowed.
Accordingly, the court’s allowance of the defendant’s motion to dismiss is reversed, and the judgment for the defendant on Americo Cortes’ loss of consortium claim is hereby vacated. The court’s judgmentfor plaintiff Juana Cortes, from which no appeal was claimed, is to stand. The action is returned to the Roxbury Division for a new trial limited to the loss of consortium claim. The defendant is precluded in such new trial, by established principles of prior adjudication, from attempting to relitigate issues fairly concluded by the trial court in rendering its judgment for Juana Cortes, including the issue of the defendant’s negligence.
So ordered.

 No appeal was ever taken of the allowance of this motion to add both a new party-plaintiff and a new claim for loss of consortium.