Houston, J.
Gregory Crowell (“Crowell”) brought suit against Langley Equipment Company (“Langley”), and Giant Lift Equipment Mfg. Co., Inc. (“Giant”), who in turn impleaded Markat Realty Trust (“Markat”), for personal injury damages. Markat has moved for summary judgment. For the following reasons, Markat’s Motion for Summary Judgment is DENIED.
BACKGROUND
This is an action for damages resulting from injuries Crowell sustained while employed at Harney’s Super Store when a freight elevator in the store dropped beneath him. Markat owns the building where the accident occurred. Crowell filed an action against defendants Langley and Giant in December of 1992. Giant filed a third-party complaint for contribution and indemnification against Markat on September 15, 1993. Crowell amended his complaint to add Markat as a direct defendant on December 8, 1995. Markat now seeks summary judgment in its favor.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-7 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson v. Time, Inc., supra, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In the instant case, the issue is whether the statute of limitations has run against Markat entitling it to summary judgment. Markat contends that it is entitled to judgment as a matter of law pursuant to Mass.R.Civ.P. 56, because Crowell failed to file an action against it within the three year statute of limitations period and is barred from doing so now. G.L.c. §2A. Crowell, on the other hand, argues that since Mass.RCiv.P. 15(c) permits the amendment of complaints in order to add new parties after the statute of limitations has expired, that the same procedure applies to third-party defendants.
Crowell added Markat as a defendant in 1995. At that point Crowell could not have brought a separate suit against Markat since the statute of limitations had already expired. The Supreme Judicial Court has held that a plaintiff can be permitted to add a defendant after the statute of limitations has run. Wadsworth v. Boston Gas Co., 352 Mass. 86, 89 (1967). After the amendment has been allowed, as in this case, the amendment relates back to the date of the writ and makes ihe added defendant a party from that date. See id. at 89. Since Crowell’s suit was “seasonably brought upon the cause of action,” the defendant cannot contend that the statute of limitations acts as a bar. McLaughlin v. West End Street Railway Co., 186 Mass. 150, 151 (1904).
ORDER
It is therefore ORDERED that the defendant Markat’s Motion for Summary Judgment be DENIED.