ANGELA GRASS, administratrix, vs. CATAMOUNT
DEVELOPMENT CORPORATION & others.[1]

Berkshire. May 4, 1983. — December 8, 1983.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Limitations, Statute of. Negligence,* Wrongful death, Operator of ski
area. *Statute,* Construction.

An action for wrongful death arising out of injury to a skier and brought
against the operator of a ski area is governed by the limitation of ac-
tions provision in the wrongful death statute, G. L. c. 229, § 2, rather
than by the limitation of actions provision of G. L. c. 143, § 71P, deal-
ing with actions against ski area operators. [552-554]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 2, 1981.

The case was heard by *Simons, J.,* on a motion for sum-
mary judgment, and was reported by him to the Appeals
Court. The Supreme Judicial Court ordered direct review
on its own initiative.

*William E. Smith* for the defendants.

*Fredric A. Swartz* for the plaintiff.

O'CONNOR, J. We consider whether an action for
wrongful death arising out of injury to a skier and brought
against the operator of a ski area is governed by the limita-
tion of actions provision of G. L. c. 143, § 71P, dealing with
actions against ski area operators, or by the limitation of ac-
tions provision in the wrongful death statute, G. L. c. 229,
§ 2.

In her complaint, filed on March 2, 1981, the plaintiff
alleged that on March 4, 1979, her intestate was injured and

---

[1] Catamount Enterprises, Catamount Ski Lodge, Inc., Catamount Ski
Area, and John Does I-X.

died in a skiing accident as a result of the negligent opera-
tion of a ski area by the defendants. The plaintiff sought
recovery for conscious pain and suffering and death. The
defendants, except for John Does I-X, answered and moved
for summary judgment on the ground that the action had
not been brought within the time allowed by the controlling
statute of limitations. A judge of the Superior Court al-
lowed the motion as to the claim for conscious pain and suf-
fering, denied the motion with respect to the wrongful
death claim, and reported the case to the Appeals Court for
a determination of the correctness of his action relative to
the wrongful death claim.[2] We transferred the case here on
our own motion. We affirm the judgment of the Superior
Court.

General Laws c. 143, § 71P, inserted by St. 1978, c. 455,
§ 4, provides that "[n]o action shall be maintained against a
ski area operator for injury to a skier" unless certain require-
ments with respect to notice have been met or excused. The
statute further provides that "[a]n action to recover for such
injury shall be brought within one year of the date of such
injury." General Laws c. 229, § 2, provides that an action
to recover damages for wrongful death shall be commenced
within three years from the date of death or within such fur-
ther time as is provided in specified sections of G. L. c. 260.
The present action was brought approximately two years
after the accident and resulting death. Therefore, it was
brought too late if G. L. c. 143, § 71P, governs, but it was
brought in timely fashion in so far as it asserted a claim for
wrongful death if G. L. c. 229, § 2, controls.

The defendants present two arguments in support of their
position that G. L. c. 143, § 71P, applies to actions for
wrongful death: (1) the Legislature's purpose in enacting
c. 143, § 71P, was to protect the ski industry in Massachu-
setts, and the industry gets more protection if actions for
wrongful death must be commenced within one year than if
they may be brought within three years; (2) if a general stat-

[2] No question is presented concerning the propriety of allowing sum-
mary judgment on the conscious pain and suffering claim.

ute and a specific statute cannot be reconciled, the general statute must yield to the specific statute, especially where the specific statute was enacted after the general statute.

The answer to the first argument is that it does not appear from the statutory language that the Legislature intended to give the ski industry the same degree of protection from wrongful death claims as from claims of less dramatic harm. We said recently, in a case involving claims for conscious pain and suffering and wrongful death against a municipality, that "[t]he Legislature might reasonably choose to put a wrongful death claimant on a different footing from one claiming injury by virtue of a defect in a way. The latter claims are likely to be myriad in number, to run a whole range of harm, and to constitute a constant drain on the governmental treasury. . . . Death claims, on the other hand, being drastic in the extreme and relatively infrequent, need not be constrained to the recovery limits of G. L. c. 84." *Gallant* v. *Worcester*, 383 Mass. 707, 714 (1981). In *Gallant*, we held that the Legislature intended to distinguish claims of personal injury on account of defects in public ways from claims of wrongful death caused by such defects. Our reasoning in *Gallant* applies with equal force here. Personal injury claims by skiers that do not involve death, unlike death claims, may be myriad in number, run a whole range of harm, and constitute a constant drain on the ski industry. The Legislature's decision to distinguish between such claims and death claims would be both reasonable and consistent with the purpose and language of G. L. c. 143, § 71P, and G. L. c. 229, § 2.

Had the Legislature intended that G. L. c. 143, § 71P, should apply to claims for wrongful death as well as to claims for injuries not resulting in death, we believe it would have done so expressly, as it has done in numerous other statutes in which the term "injury or death" or a similar expression appears. See, e.g., G. L. c. 40, § 4; G. L. c. 131, § 60; G. L. c. 142, § 13; G. L. c. 152, §§ 1 (4), 7A, 31, 54A; G. L. c. 153, § 6; G. L. c. 166A, § 5 (c); G. L. c. 175, §§ 22A, 22C, 22E, 47, Fifth and Sixth, 48, 56, 102A, 108 (9), 111,

111C, 112, 113L; G. L. c. 197, § 9A; G. L. c. 214, § 3 (9); G. L. c. 229, §§ 6C, 6E; G. L. c. 231, § 85G; G. L. c. 258, § 2; G. L. c. 258A, § 1; G. L. c. 260, § 4. It is apparent from these statutes that ordinarily the Legislature does not intend that the word "injury" should include death. There is nothing in G. L. c. 143, § 71P, that suggests that the word "injury" should not be construed in the usual way.

The defendants' second argument is based on our statements in *Pereira* v. *New England LNG Co.*, 364 Mass. 109, 118 (1973), that "[i]f a general statute and a specific statute cannot be reconciled, the general statute must yield to the specific statute. This is particularly true where . . . the specific statute was enacted after the general statute." This argument begs the question. General Laws c. 143, § 71P, cannot be reconciled with G. L. c. 229, § 2, only if c. 143, § 71P, necessarily applies to wrongful death claims. But G. L. c. 143, § 71P, may reasonably be construed not to apply to wrongful death claims, and therefore the statutes can be reconciled. Since, as we have observed in answering the defendants' first argument, neither the language nor the purpose of G. L. c. 143, § 71P, requires it to apply to death claims, the principle on which the defendants rely is inappropriate. We conclude, therefore, that an action for wrongful death arising out of injury to a skier and brought against the operator of a ski area is governed by the limitation of actions provision in G. L. c. 229, § 2.

*Judgment affirmed.*