MADELINE L. WOOD, individually, and as executrix, *vs.*
JAEGER-SYKES, INC., & others.[1]
(and a companion case[2]).

No. 88-P-594.

Norfolk. March 14, 1989. — April 18, 1989.

Present: PERRETTA, WARNER, & FINE, JJ.

*Practice, Civil,* Amendment, Complaint. *Limitations, Statute of. Negligence,* Wrongful death. *Statute,* Construction. *Words,* "Injury."

Actions for wrongful death are within the scope of the language in G. L. c. 231, § 51, as appearing in St. 1988, c. 141, § 1, providing that amendments to pleadings in civil actions relate back to the original pleading. [200-203]

CIVIL ACTIONS commenced in the Superior Court Department on October 1, 1982, and March 7, 1983, respectively.

After the cases were consolidated, motions for judgment on the pleadings were heard by *J. Harold Flannery,* J., and *Harry J. Elam,* J., respectively.

Leave to prosecute interlocutory appeals was allowed by *Warner,* J., and *Fine,* J., respectively.

*Gregg S. Blackburn (Terrance J. Hamilton* with him) for Jaeger-Sykes, Inc., & another.

*Harrison A. Fitch* for J.J. Gregory & Son, Inc.

*Diane M. Meibaum* for Madeline L. Wood.

FINE, J. While Donald Wood was operating a two-ton cast-iron compressor pump, which rested on a homemade platform located over a ditch, the platform collapsed. Wood fell into

---

[1] J.J. Gregory & Son, Inc., and Tecumseh Products Company; other defendants are not parties to this appeal.

[2] The companion case was brought by Wood, individually, against parties who are not before us on appeal.

the ditch, and the compressor pump fell on top of him. He died of the injuries received in the accident.

Prior to Wood's death, his wife, Madeline Wood, commenced an action against his employer. After his death, she commenced a second action, both individually and as the executrix of Wood's estate, against several additional parties. In both cases, which were consolidated, the plaintiff alleged that the defendants were negligent in failing to maintain a safe work site and that Wood's conscious pain and suffering and death resulted from that negligence. The cases were brought within the applicable limitations periods.

After the statute of limitations had run, the second complaint was amended to add the three appellants, Tecumseh Products Company, Jaeger-Sykes, Inc., and J.J. Gregory & Son, Inc., as defendants. The theories of liability alleged against the three new defendants were breach of warranty and product liability, both relating to the pump. The three appellants moved for judgment on the pleadings on the ground that the three-year statute of limitations applicable to wrongful death claims (G. L. c. 229, § 2) barred the claims. The motions were denied. Leave to take these interlocutory appeals was granted on the basis of *Bengar* v. *Clark Equip. Co.*, 401 Mass. 554 (1988).

We have no doubt that, on the state of the law at the time the motions were acted upon, the rulings were erroneous. The facts of the present case are closely analogous to the facts in *Bengar*. The court held in *Bengar* that allegations against a new defendant stating a new theory of liability may be time-barred even if the same plaintiff had brought the action in a timely fashion against other defendants for the same injury. The *Bengar* court, thus, placed limits on the so-called liberal Massachusetts rule for relation back of amendments, and those limits had a direct effect on the allegations in this case against the three appellants.

While the appeals were pending, however, the Legislature enacted St. 1988, c. 141, § 1, substituting a new G. L. c. 231, § 51, for an earlier version.[3] The new statute, adopted with an emergency preamble, provides:

---

[3] The earlier version of G. L. c. 231, § 51, provided:

"In all civil proceedings which are not governed by the Massachusetts

"In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense. Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading."

Given both the timing and the wording of the enactment, it is obvious that the Legislature's intent was to overrule *Bengar*. The appellants correctly concede that the statute applies to the allegations of conscious pain and suffering and renders them timely. The only substantial question on appeal is whether the statute applies to the wrongful death claims against the appellants. They make an imaginative, but in the final analysis, unconvincing, argument, based on precedent, that wrongful death actions are not within the scope of the statute. They focus on the word "injury" in the statute and contend, correctly, that ordinarily the word "injury" in a statute does not include death. Thus, in *Grass* v. *Catamount Dev. Corp.*, 390 Mass. 551, 553 (1983), the Supreme Judicial Court refused to apply a one-year period of limitations provided for in a statute relating

---

Rules of Civil Procedure or by the District-Municipal Courts Rules of Civil Procedure, the court may, at any time before final judgment except as otherwise provided, allow amendments introducing a necessary party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought, or enable the defendant to make a legal defense."

The earlier version differed from the version enacted in 1988 in several respects: the earlier version applied only to cases not governed by the Massachusetts Rules of Civil Procedure; it did not apply to amendments unless they were "for the [same] cause" as originally intended; and it did not mention relation back.

to claims for "injuries" to skiers when the one-year limitation requirement would have been a bar to a wrongful death action; the court applied the three-year wrongful death statute of limitations instead. "Had the Legislature intended that [the statute] should apply to claims for wrongful death as well as to claims for injuries not resulting in death, . . . it would have done so expressly, as it has done in numerous other statutes in which the term 'injury or death' or a similar expression appears." *Id.* at 553. See *Gallant* v. *Worcester*, 383 Mass. 707, 714 (1981); *Kromhout* v. *Commonwealth*, 398 Mass. 687, 690 (1986). The defendants also find support for their position in *Pobieglo* v. *Monsanto Co.*, 402 Mass. 112, 118 (1988), where a divided court declined to extend the so-called discovery rule to wrongful death actions and held that, notwithstanding ignorance of grounds to sue, a claim brought more than three years after the date of death was barred. The present case, the appellants say, requires the same inflexible approach to the three-year wrongful death claims statute of limitations.

We accept the defendant's contention that the issue turns on the interpretation of the word "injury" in G. L. c. 231, § 51. Amendments may relate back to the initial pleading under the statute if they are either for "the cause or for recovery for the injury for which the action was intended to be brought." The claims stated against the appellants are not for the cause which the plaintiff intended originally to bring. Therefore, for the statute to apply, the claims stated in the amendments must be for the "injury" for which the action was originally intended. We must determine, therefore, whether in this instance to apply the ordinary rule that the word "injury" in a statute does not include death.

We interpret "injury" to include death, notwithstanding the ordinary rule to the contrary, because we think the Legislature's intent was to overrule *Bengar* without exception. The liberal pre-*Bengar* rule applied in wrongful death cases. See *Wadsworth* v. *Boston Gas Co.*, 352 Mass. 86, 89 (1967). The purpose of the statute was to authorize late amendments to timely complaints seeking recovery for a particular harm when the plaintiff, on the basis of discovery or otherwise, after the

running of the applicable statute of limitations, develops a new theory of liability for that harm. The statute applies "[i]n all civil proceedings," and the harm to which the word "injury" applies would include, in addition to personal injuries, such forms of harm as property damage and financial loss. On the other hand, in *Grass* v. *Catamount Dev. Corp.*, 390 Mass. 551 (1983), and the other cases upon which the appellants rely, the word "injury" in the statute in question referred only to personal injuries. In a death case, a late amendment on a new theory is seeking recovery for the same harm, or the same injury in the broad sense, as the complaint brought originally. We can imagine no reason why the type of harm suffered would have been significant to the Legislature and why, thus, it would not have meant to include death cases within the concept of the enactment. The language the Legislature chose to use could have been clearer in light of the numerous decided cases narrowly construing the word "injury." In common parlance, however, death is a "fatal injury."

As the original complaint in the case was brought within three years of Wood's death, allowing the claims against the appellants to be tried does no offense to the strict rule set forth in *Pobieglo* v. *Monsanto Co.*, 402 Mass. at 118.

*Orders denying motions for judgment*
*on the pleadings affirmed.*