Brassard, J.
The plaintiff, James W. Flett Construction Company, Inc. (“Flett”) brought a complaint against Sciaba Construction Corp. (“Sciaba”), Kull-man Industries, Inc. (“Kullman”), and SCC/Kullman Joint Venture (“SCC/Kullman”), alleging breach of contract, misrepresentation, and damages in quantum meruit. The matter is before the Court on Flett’s motion to amend the complaint. For reasons stated, the motion is allowed, and all tracking order deadlines are extended by six months.
BACKGROUND
In its original complaint of January 1993, Flett alleged that on or around April 4, 1991, Flett entered into an agreement with Sciaba, Kullman, and SCC/Kullman whereby Flett was to perform certain excavation, trucking, electrical and/or construction work at a site and building project known as Middlesex Community College in Bedford. Flett performed in accordance with the agreement. Sciaba, Kullman, and SCC/Kullman refused to make payments to Flett as agreed. In Count I, Flett alleged breach of contract. In Count II, Flett alleged misrepresentation. In Count III, Flett alleged damages in quantum meruit.
Flett now moves to amend its complaint by adding as parties National Union Fire Insurance Company (“National”) and the Commonwealth of Massachusetts by and through its Division of Capitol Planning and Operations (DCPO), and by adding Count IV to the complaint, alleging liability against National by virtue of a payment and performance bond it issued.
As grounds for the proposed amendments, Flett states that in December 1990, SCC/Kullman entered into an agreement with the Commonwealth of Massachusetts for the construction of Middlesex Community College. SCC/Kullman furnished a payment and performance bond to the Commonwealth guaranteeing payment for work on the project. This bond was issued by National. When Flett entered into the agreement with Sciaba, Kullman, and SCC/Kullman to excavate the construction site at Middlesex Community College, Sciaba, Kullman, SCC/Kullman and the DCPO provided information regarding drilling results which indicated a greater quantity of sand than rock to excavate. However, it was discovered and brought to all the defendants’ attention that during Flett’s excavation there was much more rock to excavate than sand, thereby increasing Flett’s cost and expense. DCPO has been sued as a third-party defendant by Sciaba. National was put on notice of Flett’s claim during or before October 1993.
DISCUSSION
Mass.R.Civ.P. 15(a) states in part: “. . . [A] party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires . . .” Mass.R.Civ.P. 15(c) states: “Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.” Judges have broad discretion in ruling on motions to amend. All Seasons Services, Inc. v. Commissioner of Health & Hospitals of Boston, 416 Mass. 269,272 (1993). Denial of a motion to amend is justified in circumstances of undue delay, undue prejudice to the opposing party, and futility. Castellucci v. United States Fidelity and Guaranty Co., 372 Mass. 288, 290 (1977).
1. Addition of National
National argues that any claim against it is time barred by G.L.c. 149, §29, which provides in relevant part that a contractor seeking the benefit of a bond “. . . shall have the right to enforce any such claim (a) by filing a petition in equity within one year after the day on which such claimant last performed the labor or furnished the labor, materials, equipment, appliances or transportation included in the claim ...” The Massachusetts Appeals Court has confirmed that an action must be brought on a bond within the one-year period prescribed by the statute. D&P Equipment Corp. v. Harvey Construction Co. Inc., 5 Mass.App.Ct. 851 (1977). It is undisputed that Flett’s last work on the project was more than a year prior to its attempt to amend the complaint.
Massachusetts has a liberal policy allowing amendments which add or substitute parties after the statute of limitations has expired. Bengar v. Clark Equipment Co., 401 Mass. 554, 556 (1988), and cases cited. The extent of this policy appears to have expanded in recent years. The Supreme Judicial Court held in Bengar that an amendment may not relate back to the date of the commencement of the action when the amendment seeks to add a new defendant after the statute of limitations has run and to allege against that new defendant a theory of liability wholly different from the theory of liability of the original complaint. Id. at 55657. In Bengar, the plaintiff sustained personal injuries in a forklift accident. He brought suit against the owner and operator of a motor vehicle, alleging that negligent operation of the motor vehicle caused the forklift to swerve and tip over. Id. at 554. The plaintiff later moved to add the manufacturer of the forklift as a defendant on a product liability claim based on negligence and breach of warranty after the statute of limitations had run on these claims. Id. at 555. The Court refused to allow the addition under Mass.R.Civ.P. 15(c). Id. at 557. The Court held that claims for defective design and manufacture of a forklift and its sale without adequate warnings did not arise, under Mass.R.Civ.P. 15(c), “out of the conduct, transaction, or occurrence set forth or *120 attempted to be set forth in the original pleading,” which was a claim of negligent operation of a motor vehicle. Id. The Court specifically rejected the rule that only the alleged injury, and not the claim, must arise out of the occurrence set forth in the original pleading. Id. In rejecting this rule, the Court relied upon G.L.c. 231, §51 (1986 ed.), which authorized amendments “which may enable the plaintiff to sustain the action for the cause for which it was intended to be brought.” Id.
The Massachusetts Appeals Court revisited this issue in Wood v. Jaegar-Sykes Inc., 27 Mass.App.Ct. 199 (1989). In Wood, the decedent’s wife brought suit after the decedent died from injuries incurred when a compressor pump fell on top of him at his worksite. Id. at 199. The decedent’s wife sued the employer and other parties for negligence. Id. at 199200. After the statute of limitations had run the complaint was amended to add three additional defendants on theories of breach of warranty and product liability. Id. at 200. The Appeals Court discussed a post-Bengar amendment to G.L.c. 231, §51. Id. The new version of G.L.c. 231, §51 provides in part: “In all civil proceedings, the court may at any time, allow amendments adding a party ... or changing the form of the action, and may allow any other amendment in matter of form or substance in any . . . pleading . . . which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought . . . Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading.” The Appeals Court held that the Legislature’s purpose in so amending G.L.c. 231, §51 was to overrule Bengar. Wood v. Jaegar-Sykes, Inc., supra at 201. The Appeals Court held that under the amended statute, the amendment to the complaint could be allowed because the new claims were for the same “injury” as was intended in the original action. Id. at 20203.
I am aware of no pre or post-Bengar case which excepts a construction bond contract from the rule of Wood. The crucial question, then, is whether Flett seeks from National recovery for the same injury for which it sought recovery in the original complaint. I find that it does. The injury alleged in the original complaint was nonpayment on the contract. Clearly Flett’s claim against National for payment on the bond arises out of the same nonpayment on the contract. On this basis, I allow the amendment. In order to avoid undue prejudice to National, I extend all tracking order deadlines by six months.
2. Addition of DCPO
Flett wishes to amend its complaint so that DCPO will be included as a defendant in Count II, for misrepresentation and negligence, and Count III for quantum meruit. DCPO opposes these amendments on the grounds that such amendments are without merit and involve undue prejudice.
DCPO argues, first, that Flett’s tort claims must be dismissed under G.L.c. 258, §4, the Massachusetts Torts Claims Act, which states that a party may not bring a tort claim against a public employer such as the Commonwealth unless it has “first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose.” Flett’s attorney stated in oral argument that Flett made proper presentment, and offered as evidence a copy of Flett’s presentment letter. The question of whether or not Flett made presentment cannot be decided at this stage of the proceedings. I therefore allow Flett to amend its complaint to include tort claims against DCPO.
DCPO further argues that Flett cannot bring a case against it for quantum meruit because there was no privity of contract between Flett and DCPO. However, recovery in quantum meruit presupposes that no valid contract covers the subject matter of the dispute. Boswell v. Zephyr Lines, Inc., 414 Mass. 241, 250 (1993). Therefore, the motion to amend Count III will not be barred for lack of privity.
Finally, DCPO asserts that allowing Flett to amend its complaint to include it as a defendant would unduly prejudice DCPO. I find, however, that any undue prejudice can be remedied by an extension of the tracking order, which I hereby order. In January 1994, Sciaba filed a third-party complaint against DCPO claiming that if the Court should find that Flett is entitled to payment from Sciaba for extra work, the Commonwealth should be ordered to reimburse and indemnify Sciaba for the full amount of anyjudgment. Under Standing Order 188, discovery in this case closed in March 1995 and the case must be disposed of by January 1996. Because DCPO has been involved in this case as a third-party defendant, extending the tracking order by six months will allow it adequate time to prepare a defense as a first-party defendant.
I therefore find that Flett may amend its complaint to include DCPO as a defendant in Count II and Count III, and order that the tracking order be extended by six months.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion to amend the complaint be ALLOWED. It is further ORDERED that all tracking order deadlines in this case be extended by six months.