MARY C. ZEROULIAS, administratrix,[1] *vs.* HAMILTON AMERICAN LEGION ASSOCI-
ATES, INC. No. 97-P-1506. February 19, 1999. *Wrongful Death. Wilful, Wanton,
or Reckless Conduct. Intentional Conduct. Negligence,* Alcoholic liquors, Sale
of liquor, Wrongful death, Comparative. *Alcoholic Liquors,* Sale to intoxicated
person. *Statute,* Construction. *Words,* "Injury."

This is an action brought by Mary Zeroulias, as administratrix of the estate
of her brother, William Murphy, alleging that William's death was proximately
caused by the wrongful conduct of the defendant, Hamilton American Legion
Associates, Inc. William died from injuries he suffered in a motor vehicle ac-
cident that occurred when he was driving while under the influence of alcohol.
The plaintiff alleges that the defendant caused and contributed to her brother's
death by serving him alcohol after he was already intoxicated.

The trial judge purported to report, without decision, three questions for
determination by the Appeals Court. See Mass.R.Civ.P. 64, 365 Mass. 831
(1974). This is the second such attempt to report this matter, the first having
been remanded to the Superior Court, 36 Mass. App. Ct. 1104 (1994), for
further proceedings in a manner consistent with rule 64, as explained by *Shab-
shelowitz v. Fall River Gas Co.,* 412 Mass. 259, 261 & 262 n.4 (1992), and
*Cusic v. Commonwealth,* 412 Mass. 291, 293 (1992). In order to prevent
further expenditure of judicial resources, we will attempt to resolve this mat-
ter. See *Dorfman v. Allen,* 386 Mass. 136, 138 (1982); *Gray v. Commissioner
of Rev.,* 422 Mass. 666, 667-668 (1996).

The questions are (1) whether in a wrongful death action precipitated by the
defendant vendor's violation of G. L. c. 138, § 69 (prohibiting the sale or
delivery of an alcoholic beverage to an intoxicated person), the plaintiff may
recover on proof of negligence pursuant to G. L. c. 229, § 2 (wrongful death),
or only on proof of the defendant's wilful, wanton, and reckless conduct,
pursuant to G. L. c. 231, § 85T (civil action for negligently serving alcohol to
an intoxicated person); (2) whether the "wilful, wanton, and reckless" standard
of G. L. c. 231, § 85T, applies to wrongful death actions under G. L. c. 229;
and (3) whether the comparative negligence statute, G. L. c. 231, § 85, allows
comparison of the decedent's "wanton and reckless" conduct with wilful,
wanton, and reckless conduct on the part of the defendant, if so found by a
jury?

1. *Wrongful death: Recovery under G. L. c. 229, § 2, or under G. L. c. 231,
§ 85T.* To recover for wrongful death the plaintiff need not prove the
defendant's conduct was "wilful, wanton, or reckless,"[2] pursuant to G. L.
c. 231, § 85T, but need only prove the defendant's conduct was negligent

---

[1]Of the estate of William F. Murphy, Jr.

[2]"Wilful, wanton, or reckless" conduct is "intentional conduct, by way either of
commission or of omission where there is a duty to act, which conduct involves a high
degree of likelihood that substantial harm will result to another." *Manning v. Nobile,*

under G. L. c. 229, § 2,[3] because the former statutory provision does not apply to wrongful death actions.[4] "[O]rdinarily the Legislature does not intend that the word 'injury' should include death." *Grass* v. *Catamount Dev. Corp.*, 390 Mass. 551, 554 (1983) (the word "injury" within a statute setting forth a one-year period of limitation for injury claims against a ski area operator does not include "death" and, thus, excludes wrongful death claims).[5] See *Kromhout* v. *Commonwealth*, 398 Mass. 687, 690 (1986) (a wrongful death action against the Commonwealth for its alleged negligent design of a State highway was not governed by a statute that only applied to personal injury actions). Compare *Wood* v. *Jaeger-Sykes, Inc.*, 27 Mass. App. Ct. 199, 202-203 (1989), where operative statutory language in G. L. c. 231, § 51, is "all civil proceedings" as opposed to "any action for personal injuries" language in G. L. c. 231, § 85T. "Numerous statutes incorporate the term 'injury or death' . . . , when the Legislature intends that they should apply to claims for wrongful death as well as to claims for injuries not resulting in death." *Kromhout*, 398 Mass. at 690-691, and examples cited. See *Grass* v. *Catamount Dev. Corp.*, 390 Mass. at 553, adopting the reasoning of *Gallant* v. *Worcester*, 383 Mass. 707 (1981), that "the Legislature intended to distinguish claims of personal injury on account of defects in public ways from claims of wrongful death caused by such defects."

The defendant cites *Tobin* v. *Norwood Country Club, Inc.*, 422 Mass. 126 (1996), in support of its argument that G. L. c. 231, § 85T, should be read to include wrongful death actions. Reasoning that G. L. c. 231, § 85T, explicitly provides for "*any* action for personal injuries" (emphasis supplied), the defendant argues that § 85T includes wrongful death actions since "death is a fatal injury."

The defendant's argument is off the mark. The court in *Tobin* addressed the limited issue as to whether G. L. c. 231, § 85T, applies to the negligent serv-

---

411 Mass. 382, 387 (1991). "Nothing turns on the absence of one or another of these terms." *Id.* at 387 n.8.

[3]General Laws c. 229, § 2, provides in relevant part: "A person who (1) by his negligence causes the death of a person, . . . shall be liable in damages . . . ." G. L. c. 229, § 2, as appearing in St. 1973, c. 699, § 1.

[4]General Laws c. 231, § 85T, as appearing in St. 1986, c. 557, § 175, provides in relevant part: "In any action for personal injuries, property damage or consequential damages caused by or arising out of the negligent serving of alcohol to an intoxicated person by a licensee . . . or by a person . . . serving alcohol as an incident of its business . . . no such intoxicated person . . . may maintain an action against the said licensee or person . . . in the absence of wilful, wanton, or reckless conduct on the part of the licensee or such person or entity."

[5]In an attempt to distinguish *Grass*, the defendant argues that the statute in *Grass*, G. L. c. 143, § 71P, applies to a ski resort operator's liability for injured skiers, and thus the holding in *Grass* is only applicable to similar ski accident cases where a skier is killed at a ski resort and his representative brings suit more than a year later. The defendant maintains that *Grass* does not pertain to the case at bar, since it is more common for drunk drivers to sustain personal injuries resulting in death than for skiers to sustain injuries resulting in death. Thus, it argues, if the "wilful, wanton, and reckless" standard is used for determining liability for personal injuries and the lesser "ordinary negligence" standard is used for fatalities, then commercial servers of alcohol would not be protected from liability in the same proportion as ski area operators are protected. The defendant argues that this would be an unintended result of the legislation. See *Grass* v. *Catamount Dev. Corp.*, 390 Mass. at 553. We disagree.

ing of alcohol to minors and determined that it did not.[6] *Tobin* stands for the proposition that the statutory provisions regulating the serving of liquor, G. L. c. 138, §§ 34, 69, and case law, refer to two classes of persons, minors and intoxicated adults. *Tobin* holds that the circumstances of these two classes are quite different in that there is the concern that a vendor not worsen the condition of an intoxicated adult; and in contrast, the court assumes a paternalistic view of serving alcohol to minors, by taking into consideration a minor's vulnerability to the effects of alcohol. *Tobin* v. *Norwood Country Club*, 422 Mass. at 136-137.

The defendant further argues that juries will be confused by the dichotomy that will exist if liability for injuries that leave an individual in a lifelong, vegetative state, see *Manning* v. *Nobile*, 411 Mass. 382, 387 (1991) (applying the wilful, wanton, and reckless standard under G. L. c. 231, § 85T), and injuries that result in death are determined under two distinct standards. This argument is unavailing. See *Gallant* v. *Worcester*, 383 Mass. at 715. It is more likely that the Legislature purposely placed death and personal injury claims on different footings, as it has in other contexts. By placing injury and death claims on different footings, the Legislature substantially immunized commercial servers of alcohol from liability for personal injuries, which are more frequent, but not from liability for causing deaths, which are relatively infrequent. See *id.* at 714.

In short, the "wilful, wanton, and reckless" standard under G. L. c. 231, § 85T, applies only to personal injury actions and not to wrongful death actions.

2. *Comparative negligence statute.* The comparative negligence statute does not apply to intentional or wilful, wanton, or reckless conduct. See *Lane* v. *Meserve*, 20 Mass. App. Ct. 659, 663 & n.6 (1985). See also *Flood* v. *Southland Corp.*, 416 Mass. 62, 65 (1993). "If conduct is negligent it cannot also be intentional [or wilful, wanton, or reckless]. Similarly, a finding of intentional [or wilful, wanton, or reckless] conduct precludes a finding that the same conduct was negligent." *Sabatinelli* v. *Butler*, 363 Mass. 565, 567 (1973). The comparative negligence statute is inapplicable where the defendant is alleged to have wilfully, wantonly, or recklessly served alcohol to the decedent, after he was already intoxicated. It is of no import if the decedent was wanton or reckless. Compare *Flood* v. *Southland Corp.*, *supra*.

3. *Conclusion.* For the foregoing reasons, we conclude that the answers to the questions are as follows:

Question One: The plaintiff may recover against the defendant on her counts for wrongful death on proof of negligence by the defendant.

Question Two: The "wilful, wanton, and reckless" standard embodied in G. L. c. 231, § 85T, applies only to actions for personal injury and does not apply to actions for wrongful death.

---

[6]*Cook* v. *Hanover Ins. Co.*, 32 Mass. App. Ct. 555, 559-560 (1992), does not apply to this case because G. L. c. 231, § 85T, only limits existing common-law liability, and does not "delineate in a general way where [liability] might lie." *Tobin* v. *Norwood Country Club, Inc.*, 422 Mass. 126, 134 n.7 (1996). Under c. 229, § 2, the right to recovery is based upon the common law, see *Gaudette* v. *Webb*, 362 Mass. 60, 71 (1972), and under the common law all that is required is negligent conduct. See *Adamian* v. *Three Sons, Inc.*, 353 Mass. 498, 501 (1968); *Cimino* v. *Milford Keg, Inc.*, 385 Mass. 323, 326-332 (1982).

Question Three: No.

*Report discharged.*

*John P. McGloin* for the plaintiff.
*Kimberly H. McCann* for the defendant.